UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCAS DOS SANTOS AMARAL,<br><br>         Petitioner,<br><br>  v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility,<br><br>         Respondent. | Civil Action No. 1:25-cv-10279-DJC |

**RESPONDENT'S OPPOSITION TO PETITIONER'S
AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C § 2241**

Respondent Antone Moniz ("Respondent"), Superintendent of Plymouth County Correctional Facility, by and through his attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this opposition to Petitioner Lucas Dos Santos Amaral's ("Petitioner") Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). Doc No. 6.

Respondent responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases[1] and argues for dismissal for lack of jurisdiction because Petitioner's detention location was in the Western District of Texas when he filed his original Petition (Doc. No. 1), and he remains detained by U.S. Immigration and Customs Enforcement

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

("ICE") in such district currently. *See* Declaration of Assistant Field Office Director Keith Chan, ¶¶ 11, 13, attached as Exhibit A.

As such, Petitioner has named the wrong respondent to this action and has filed his Petition seeking release from ICE custody in the wrong district court. *See Vasquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000) (Explaining that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the district of confinement."); *Hernandez v. Lyons*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

As explained further, this Court should dismiss this Petition rather than transfer it to the Western District of Texas because ICE's detention of Petitioner is lawful and district courts lack jurisdiction to consider claims related to ICE's discretionary decision to arrest and detain him.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Brazil. Chan Decl., ¶ 7. On or about June 13, 2017, he was admitted to the United States as nonimmigrant B-2 visitor at J.F.K airport, New York with authorization to remain until December 12, 2017. *Id.* Petitioner failed to depart the United States as required. *Id.* On January 27, 2025, ICE encountered Petitioner and determined he lacked lawful immigration status due to his overstay of his term of admission. *Id.*, ¶ 8. Pursuant to its statutory authority contained at 8 U.S.C. § 1226(a), ICE arrested and detained Petitioner and issued him with a Notice to Appear in Immigration Court. *Id.*

Petitioner requested release from custody through a bond request made to ICE on or about January 29, 2025.  *Id.*, ¶ 9.  ICE declined this request.  *Id.*  On January 31, 2025, ICE made the operational decision to transfer approximately one hundred ICE detainees to Karnes County Detention Center in San Antonio, Texas.  Petitioner was among this group of detainees.  *Id.*, ¶ 10.  ICE transferred these detainees, including Petitioner, to Texas on February 3, 2025.  *Id.*, ¶ 11.  Petitioner remains detained in the Western District of Texas and is now in custody at the South Texas Detention Facility in Pearsall, Texas.  *Id.*, ¶ 13.

## ARGUMENT

Petitioner was not detained in the District of Massachusetts when he filed his original habeas Petition and the Court therefore lacks jurisdiction over the appropriate respondent to this action – Petitioner's custodian in the Western District of Texas at the South Texas Detention Facility.  This Court should dismiss the Petition, rather than transfer it to the Western District of Texas, because Petitioner's claim for release is without merit as ICE's arrest and detention of Petitioner is fully authorized by statute and the constitution.

**A. This Court Lacks Jurisdiction Over the Habeas Petition.**

As explained by Judge Gorton in response to a habeas petition in this court filed by an ICE detainee in custody outside of the District of Massachusetts, "[t]he question of whether the Court has jurisdiction over this matter breaks down into two subquestions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her?")  *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020).  As explained below, the proper respondent is Petitioner's immediate custodian in the Western District of Texas at the South Texas Detention Facility.  This Court does not have jurisdiction over such individual since Petitioner is not detained in Massachusetts.

1. **Petitioner has named an improper respondent to this action.**

The Supreme Court has explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 339 (2004). The Supreme Court reasoned that without this immediate custodian rule in place, the result "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." *Id.* at 447.

Similarly, in considering a habeas petition filed by a detainee in immigration custody, the First Circuit held that the proper respondent is the immediate custodian, *i.e.* the individual "who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690. The First Circuit explained that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Id.*

Petitioner therefore named the wrong respondent, Superintendent Antone Moniz, in this action as he was not detained at Plymouth County Corrections Facility when he filed his original Petition. *See Tham*, 319 F. Supp. 3d at 577 (Explaining that for an ICE habeas petitioner detained in New Hampshire, the correct respondent is the Superintendent of that facility); *Faulkner v. US. Immigr. & Naturalization,* No. CV 22-12122-WGY, 2023 WL 3868437, at *2 (D. Mass. June 7, 2023) (Holding that "the proper respondent is the warden of the institution where Faulkner was confined when the petition was filed. Because Faulkner is at the Central Maryland Correctional Facility, the proper respondent is warden at this Maryland facility."); *Kantengwa*, 2020 WL 93955 at *1 ("Because Kantengwa was at the Strafford County Detention

Center at the time she filed her petition (and remains there still), the proper respondent is Warden Brackett. The other persons identified as respondents are not proper parties to this action.").

The First Circuit did acknowledge that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 697. For example, the *Vasquez* Court cited a case where the ICE detainee was "being detained in an undisclosed location" or envisioned a case where ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.* But in *Vasquez*, the First Circuit found no "hint of anything that might qualify as an extraordinary circumstance" in that the petitioner was required to file his petition in the district of his confinement (Louisiana), even if that jurisdiction was considered a less hospitable judicial district for the detainee to present his claims. *Id.*

Here too, there are no extraordinary circumstances cited that make appropriate the naming of Superintendent Moniz from the Plymouth County Correctional Facility (or an ICE ERO supervisory official from Massachusetts) as the respondent to this action as ICE transferred Petitioner, along with approximately 100 other detainees, to the Western District of Texas on February 3, 2025 prior to the time his Petition was filed with this Court. *Tham*, 319 F. Supp. at 577 (Finding "no extraordinary facts in this case that would warrant deviating from the immediate custodian rule."). If Petitioner wished to challenge his current detention, he should have filed his habeas petition with the district court that has jurisdiction over his immediate custodian. Petitioner failed to do so, however, and therefore has named an improper respondent for this action to challenge his current detention in the Western District of Texas.

### 2. This Court lacks jurisdiction over Petitioner's custodian at the South Texas Detention Center.

Answering the second question posed by Judge Gorton in *Kantengwa*, this Court does not enjoy jurisdiction over this Petition since it lacks jurisdiction over Petitioner's immediate custodian in the Western District of Texas at the South Texas Detention Center. A district court is statutorily authorized to issue a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. Such individual holding custody must be "within [the court's] respective jurisdiction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). As explained by the First Circuit, this statutory language means "that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.

Because Petitioner is not detained in the District of Massachusetts, this Court lacks jurisdiction over his immediate custodian at the South Texas Detention Center. Courts within this district routinely find that they do not have jurisdiction over custodians outside of the District of Massachusetts. *Tham*, 319 F. Supp. at 577 ("jurisdiction lies in only one district: the district of confinement."); *Kantengwa*, 2020 WL 93955, at *2 ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking."); *Faulkner*, 2023 WL 3868437, at *2 (same); *Hernandez,* 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

### B. The Petition should be Dismissed, not Transferred to the Western District of Texas.

This Court should dismiss the Petition rather than transfer it to the Western District of Texas because it is wholly without merit and therefore "the interest of justice" does not compel

transfer.  *See* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

ICE's detention of Petitioner is authorized by statute and comports with the Constitution.  ICE detained Petitioner pursuant to 8 U.S.C. § 1226(a) which allows for the detention of aliens for the purpose of removal proceedings.  Chan Decl., ¶ 5.  This provision provides that ICE may detain an alien "pending a decision on whether [he] is to be removed from the United States."  8 U.S.C. § 1226(a).  As the Supreme Court has explained, this provision "creates authority for *anyone's* arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions…."  *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) (emphasis in the original).

Aliens who are detained under § 1226(a) may be released "on . . . bond" or "conditional parole."  *Id*.  After ICE makes the initial decision to detain a noncitizen per 8 C.F.R. § 236.1(c)(8), the noncitizen may request a bond hearing in Immigration Court at any time before a removal order becomes final.  8 C.F.R. § 236.1(d)(1).  An immigration judge has authority "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released …".  *Id.*  If dissatisfied with the immigration judge's decision, the alien may appeal to the Board of Immigration Appeals ("BIA").  *Id.* § 236.1(d)(3).

Petitioner's assertion that he "does not have any criminal records, he is not a flight risk, and he has established firm times to the community" (Doc. No. 6, ¶ 3) and therefore his detention is unlawful, is not properly before this Court (or any district court) as Congress has made clear that ICE's "discretionary judgment regarding the application of [Section 1226] shall not be subject to review."  8 U.S.C. § 1226(e).  This jurisdiction stripping provision further

commands that "[n]o court may set aside any action or decision by [ICE] under this section regarding the detention of any alien or the evocation or denial of bond or parole." *Id.*

As the Supreme Court explained in *Demore v. Kim*, 538 U.S. 510, 516-17 (2003), this provision applies to strip jurisdiction of judicial review to ICE's discretionary judgments and decisions to arrest and detain aliens subject to 8 U.S.C. § 1226. *See also Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018) (Section "1226(e) precludes an alien from challenging a discretionary judgment by the [Secretary] or a decision that the [Secretary] has made regarding his detention or release.") (cleaned up). The Supreme Court in *Jennings* explained that Section 1226(e) would not bar jurisdiction of a challenge to "the extent of the Government's detention authority under the statutory framework as a whole." *Id.* Jurisdiction would also not be stripped if the challenge was to "the constitutionality of the entire statutory scheme under the Fifth Amendment." *Id.* at 296. But, if the challenge is simply to ICE's discretionary decision to arrest and detain an alien, as Petitioner has set forth here, then Section 1226(e) squarely applies to strip a court of jurisdiction to review such action. *See Nielsen*, 586 U.S. at 401 (Explaining that Section 1226(e) "applies only to 'discretionary' decisions about the 'application of § 1226 to particular cases.'"). Petitioner must make his request for release from ICE custody to an immigration judge, and if dissatisfied with the outcome of such request, to the BIA. The district courts, however, have no role in making such a determination under the facts as presented.

Congress, through the REAL ID Act, has made clear that district courts do not have jurisdiction to consider challenges to the discretionary decisions made by ICE concerning the arrest, detention, and commencement of proceedings against aliens such as Petitioner. The REAL ID Act added jurisdiction-stripping provisions to the Immigration and Nationality Act ("INA") that speak directly to the availability of habeas corpus relief for aliens. *See Ishak v.*

8

*Gonzales*, 422 F.3d 22, 29 (1st Cir. 2005). Specifically, as amended by the REAL ID Act, 8 U.S.C. § 1252(g) strips a district court's jurisdiction to hear "any cause or claim by or on behalf of an alien arising from the decision or action by [ICE] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Thus, Congress unequivocally protected the government's authority to make "discretionary determinations" over whether and when to arrest, detain, and execute a removal order against an alien. *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 485 (1999). ICE's decision to arrest, detain, and institute removal proceedings against Petitioner is not subject to judicial review and any transfer of the Petition to the Western District of Texas for further consideration would be futile.

Finally, the statutory and regulatory provisions available to Petitioner to seek release from ICE custody fully comport with the Constitution contrary to Petitioner's unsupported claims otherwise. Petitioner cites the Supreme Court's *Zadvydas v. Davis*, 533 U.S. 678 (2001) decision in support of his claim that his constitutional rights have been violated by his detention, but *Zadvydas* concerned an individual detained under 8 U.S.C. § 1231(a)(6) with a final order of removal who faced potentially indefinite detention without access to a bond hearing due to repatriation difficulties. Petitioner, by contrast, is detained per Section 1226(a) and has access to a bond hearing before an immigration judge (and appeal to the BIA if necessary) to seek release and therefore constitutional concerns are not implicated with his current immigration detention.

Petitioner also raises a Fourth Amendment challenge to his arrest by ICE, but Petitioner again should present such claim through a motion to suppress in Immigration Court, the BIA, and ultimately to a circuit court, but not a district court. *See INS v. Lopez-Mendoza,* 468 U.S. 1032, 1050-51 (1984) (Explaining that motions to suppress may be available in immigration proceedings for "egregious violations of the Fourth Amendment or other liberties that might

transgress notions of fundamental fairness and undermine the probative value of the evidence obtained."). *See also Aguilar v. U.S. Immigr. & Customs Enf't Chicago Field Off.*, 346 F. Supp. 3d 1174, 1189 (N.D. Ill. 2018) (No Fourth Amendment violation in situation where ICE detainee could challenge arrest before immigration court); *Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (No constitutional infirmity with immigration arrest because detainees could "could avail themselves of the administrative remedies" available to them to contest detention.).

      Additionally, Petitioner provides no caselaw in support of his claim that an order of release via a habeas petition would be the proper remedy for an alleged Fourth Amendment violation. District courts routinely hold that even assuming a Fourth Amendment violation occurred when a habeas petitioner was arrested by ICE, a habeas action is not the proper means to seek a remedy and release is not an appropriate remedy because an individual's identity and their immigration status cannot be suppressed. *See e.g.*, *H.N. v. Warden, Stewart Det. Ctr.*, No. 7:21-CV-59-HL-MSH, 2021 WL 4203232, at *5 (M.D. Ga. Sept. 15, 2021) (Explaining that "even if the Court accepted Petitioner's argument that his initial detention was somehow unlawful, he is still not entitled to habeas relief."); *Jorge S. v. Sec'y of Homeland Sec.*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332717, at *4 (D. Minn. Nov. 15, 2018), *report and recommendation adopted*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332507 (D. Minn. Dec. 4, 2018) ("Release from Jorge S.'s *current* detention because his detention *previously* had been unlawful would be a remedy ill-fitted to the specific injury alleged.") (emphasis in original); *Amezcua-Gonzalez v. Lobato*, No. C16-979-RAJ-JPD, 2016 WL 6892934, at *2 (W.D. Wash. Oct. 6, 2016), *report and recommendation adopted sub nom. Amezcua–Gonzalez v. Lobato*, No. C16-979-RAJ, 2016 WL 6892547 (W.D. Wash. Nov. 22, 2016) (Finding that "even if petitioner's arrest amounts to an egregious Fourth Amendment violation, he is not entitled to

habeas relief, and his petition should be denied."). As such, Petitioner must present his claim as to his alleged unlawful arrest to an immigration judge as part of a motion to suppress or as an independent claim for civil relief brought against the persons responsible for the allegedly unlawful detention. *Jorge S.,* 2018 WL 6332717, at *4. This Court, or the Western District of Texas, however, do not have jurisdiction over such claims and habeas relief is not a proper remedy even assuming a Fourth Amendment violation occurred. *See also Abel v. United States,* 362 U.S. 217, 230 (1960) ("Statues authorizing administrative arrest to achieve detention pending deportation have the sanction of time."); *Perez-Ramirez v. Norwood,* 322 F. Supp. 3d 1169, 1172 (D. Kan. 2018) (Denying habeas petition and finding no Fourth Amendment violation because "the legality of an arrest of an alien based upon a civil immigration violation is well-established.").

## CONCLUSION

For these reasons, this Court lacks jurisdiction over the Petitioner and must therefore deny the request to issue a writ of habeas corpus ordering Petitioner's release from ICE custody.

        Respectfully submitted,

        LEAH B. FOLEY
        United States Attorney

Dated: February 10, 2025    By:   */s/ Mark Sauter*
        Mark Sauter
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        Tel.: 617-748-3347
        Email: mark.sauter@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Mark Sauter, hereby certify that pursuant to L.R. 7.1(a)(2), I have conferred with Plaintiff's counsel in advance of filing this motion in a good faith attempt to narrow or resolve the issues raised by this motion.

Dated: February 10, 2025    By:    */s/ Mark Sauter*
                                    Mark Sauter

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 10, 2025    By:    */s/ Mark Sauter*
                                    Mark Sauter
                                    Assistant United States Attorney