Timothy Caron, Esq.
Celedon Law
277 Main Street, Suite 305
Marlborough, MA 01752
Tel: (508) 573-3170

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LUCAS DOS SANTOS AMARAL** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Antone Moniz, Superintendent of Plymouth County ) <br> Correctional Facility; ) <br> ) <br> ) <br> Respondent. ) <br> ) | Case No. __25-10279__ |

### MOTION FOR EXPEDITED RECORD PRODUCTION/DISCOVERY

Pursuant to Rules 26(d)(1) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, and Rule 26(d) of this Court's Local Rules, Petitioner, Lucas dos Santos Amaral (hereinafter referred to as "Lucas" or "Petitioner"), respectfully requests that the Court allow him to conduct limited expedited discovery of factual information relevant to core claims in the case. Such discovery is tied directly to the substance of his constitutional and statutory claims against his illegal arrest and the reasons for his transfer(s) while in detention.

As grounds for this Motion, Petitioner states as follows:

1. By his Petition for Writ of Habeas Corpus in this action, Petitioner is challenging his ongoing detention by immigration officials. Namely, Lucas challenges this detention

on a variety of grounds, including that such detention violates the rights afforded to him under the Fourth and Fifth Amendments of the U.S. Constitution.

2. Lucas seeks expedited discovery tied directly to his ongoing detention and transfers. Specifically, Petition seeks:

    -records of his arrest preceding his detention;
    -deposition of the arresting officer; and
    -documents and internal communications in regard to his transfer(s) while in detention

3. Petitioner requires expedited discovery for two reasons: (a) so that a decision on the merits of his case can be reached as soon as possible, in order to avoid prejudice in his judicial proceedings which cannot later be remedied; and (b) to counter Respondent's argument—which Petitioner anticipates will be raised here—that this Court is an improper venue for Petitioner's claims.

4. The jurisdiction of this case should remain with this Court, as it has subject matter jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. This is also where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 139. Alternatively, this Court should decide to maintain jurisdiction over this case based on the due process rights violations and the prejudice that transfer of venue would cause on the Petitioner.

5. The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 1054—1055, 29 L.Ed. 277 (1885). So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is

confined outside the court's territorial jurisdiction. 35 L.Ed.2d 443, 410 U.S. 484, 93 S.Ct. 1123.

6. While a petitioner's immediate physical custodian is typically a proper respondent in traditional habeas petitions, the statutory custodian requirement of 28 U.S.C. § 2241 is sufficiently flexible to permit the naming of respondents who are not immediate physical custodians if practicality, efficiency, and the interests of justice so demand. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996) ("Prompt resolution of prisoners' claims is a principal function of habeas.").

7. The circumstances surrounding the immigration-related detention of aliens such as Petitioner demand such flexibility.

8. Nor is it practical or in the interests of justice to apply rigidly the immediate physical custodian rule to Petitioner's habeas petition. By the time a district court judge is able to consider a habeas petition filed in her court, the petitioner may already have been moved out of the court's territorial jurisdiction, thereby necessitating time-consuming transfer or dismissal of the petition if the immediate custodian rule is strictly applied. *See, e.g., Rumierz v. INS*, 2000 WL 1920003 (D.R.I.Dec. 27, 2000) (district court determined that it lacked personal jurisdiction of habeas petition filed by immigration detainee transferred to five different institutions over the course of five years when petitioner was transferred to a detention center in New Jersey). If detainees were permitted only to file their habeas petitions against their immediate physical custodian, and hence, under personal jurisdiction rules could only file in the district in which they were detained (so that their custodian would be within reach of the court's process), expedient resolution of their habeas claims would be greatly hampered.

9. Upon his transfer, Petitioner has been relocated to an area of the country far from the contacts and the location of evidence relevant to his petition. The isolated and/or distant location of detainees may severely cripple their ability to obtain and be represented by counsel. For instance, for Undersigned Counsel, the cost of travel and other expenses on behalf of Petitioner's case, should it be relocated to Texas, could prove fatal to the feasibility of the representation.

10. Finally, it is likely that the district courts in areas where detainees such as Petitioner have been relocated to are being flooded with detainee habeas petitions. Such an influx may seriously threaten some district courts' ability to consider petitions in a reasonably prompt manner. *See, e.g., Emejulu v. INS*, 989 F.2d 771, 772 (5th Cir. 1993) (per curiam) (noting that "administrative delays in processing deportations" at the Oakdale INS facility "produce an atypical and unanticipated volume of habeas petitions that is beyond the capability of the district court [for the Western District of Louisiana] to process in a timely fashion").

11. District courts may use traditional venue considerations to control where detainees bring habeas petitions. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S., 493-94, 93 S.Ct. 1123 ("traditional venue considerations" in determining the proper venue for a habeas action include: where the material events took place; where records and witnesses pertinent to the petitioner's claim are likely to be found; the convenience of the parties).

12. The Supreme Court has maintained that when a habeas petitioner "challenges something other than his present physical confinement" the immediate custodian rule does not apply. *Padilla*, 542 U.S. at 438. Here, Petitioner is not only questioning his

physical confinement, but also the lawfulness of his arrest, and whether Immigration and Customs Enforcement have abused their authority when detaining him. There are reasons to believe that they have both violated the agreement set in *Castañon Nava et al. v. Dep't of Homeland Security,* and consequently Petitioner's rights under the Fourth Constitutional Amendment. *Castañon Nava et al. v. Dep't of Homeland Security. et al.*, No. 18-cv-3757 (N.D. Ill.) Petitioner's detention was caused by a premeditated plan to violate the agreement in *Castañon Nava,* and the evidence here requested via discovery will essential in establishing that. *Id.*

13. Because of the exigent circumstances, and this Court's broad discretion in directing discovery and managing its docket, expedited discovery is warranted. Furthermore, the discovery that Petitioner is seeking is narrowly tailored and not unreasonably burdensome.

14. Conscious of the time constraints and the inherent burdens of discovery, Petitioner will carefully tailor his discovery requests to ensure the full, fair, and efficient development of the factual record necessary to adjudicate this matter.

15. In light of the exigency of the claims asserted in this action—created in part by Respondent's own role in Petitioner's detention—and the absence of any undue burden on Respondent, Plaintiff's motion for targeted, expedited discovery should be granted.

16. In further support of this Motion, Petitioner refers the Court to his Memorandum in Support of this Motion, which Petitioner is concurrently filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

    (i) grant this Motion,

(ii) allow Petitioner immediately to serve on Respondent a set of document requests and a notice of deposition pursuant to Rule 30(b),

(iii) require that Respondent appear, through its designee(s) pursuant to Rule 30(b)(6), for a deposition on the topics set forth in the notice of deposition; and

(iv) grant Petitioner such other and further relief as the Court deems just.

Respectfully submitted,

_____
Timothy G. Caron
Counsel for Petitioner

Dated: February 11, 2025