UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCAS DOS SANTOS AMARAL,<br><br>                  Petitioner,<br><br>    v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility,<br><br>                  Respondent. | Civil Action No. 1:25-cv-10279-DJC |

**RESPONDENT'S SUPPLEMENTAL RESPONSE TO PETITIONER'S
AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND OPPOSITION TO
PETITIONER'S REQUEST FOR EAJA FEES AND COSTS**

Respondent Antone Moniz ("Respondent"), Superintendent of Plymouth County Correctional Facility, by and through his attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this supplemental response to Petitioner's Amended Petition for Writ of Habeas Corpus and also sets forth its opposition to Petitioner's request for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Doc. No 14 at 16.

As Respondent explained in response to Petitioner's Amended Petition, because Petitioner was not detained by U.S. Immigration and Customs Enforcement ("ICE") in the District of Massachusetts when Petitioner filed his original petition, this Court lacked jurisdiction over the matter from the outset. Doc. No. 7. Respondent now supplements its response to advise this Court that Petitioner is no longer detained by ICE as he was ordered released by an Immigration Judge after a bond hearing was conducted. *See* Doc. No. 14 at 16. Because Petitioner achieved the relief he requested this Court order – his release – his Amended Petition

is moot and must be dismissed on that additional basis.

Respondent also responds to Petitioners' request for EAJA fees and costs to definitively state that Petitioner is not eligible for an EAJA award as he is not a prevailing party as required by statute.

## ARGUMENT

### A. Petitioner's Amended Habeas Petition is Moot.

Petitioner asked this Court to issue a writ of habeas corpus "ordering Respondents to release Petitioner immediately." Doc. No. 5, PRAYER FOR RELIEF. As Petitioner acknowledges, he is no longer detained by ICE as he obtained a bond order from an Immigration Judge. Doc. No. 14 at 16 ("Having been released from detention on bond …). Because Petitioner has obtained the relief he sought from this Court, his Amended Petition is moot and must be dismissed.

Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" or "controversies." U.S. Const. art. III, § 2. In this regard, the Constitution requires that an actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, § 2; *see also U.S. Bancorp Mortgage Co. V. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994); *Ashcroft v. Mattis*, 431 U.S. 171, 172-3 (1977) (an action that has become moot fails to present a justiciable case or controversy within the meaning of Article III); *Overseas Military Sales Corp., Ltd v. Giralt-Armada*, 503 F.3d 12, 17 (1st Cir. 2007) (under mootness doctrine, when issues presented are no longer live, or when parties lack a cognizable interest in the outcome, dismissal of the case is compulsory). Thus, the question of mootness is a

federal one, which a federal court must resolve before it assumes jurisdiction. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).

Here, Petitioner acknowledges he is no longer in ICE custody after an Immigration Judge granted him bond. Doc. No. 14 at 16, Doc. No. 15, ¶¶ 32-33. Accordingly, Petitioner's release moots the Petition and, as reflected above, deprives this Court of jurisdiction. *See* U.S. Const. at III; *see also U.S. Bancorp. Mortgage Co.*, 513 U.S. at 21-22 (since a case or action is moot, a federal court no longer retains jurisdiction to adjudicate the merits of a case).

Courts routinely dismiss habeas petitions filed by ICE detainees seeking release from custody upon information that such detainee is no longer in ICE custody. *See e.g.*, *Ahmed v. Moniz*, No. 21-CV-12133-DLC, 2022 WL 17651984, at *2 (D. Mass. July 7, 2022) (Detainee's release "after he filed the petition renders the petition moot."); *Njuguna v. Smith*, Civil Action No. 16-cv-12075-ADB, 2016 WL 6986208, at *1 (D. Mass. Nov. 28, 2016) (Habeas petition moot as petitioner "has since been released."); *Omondiagbe v. McDonald*, No. CIV.A. 13-11182-MBB, 2014 WL 1413560, at *1 (D. Mass. Apr. 10, 2014) (where petitioner was released from custody and removed from the United States after filing his petition, petition was moot); *Ali v. Smith*, Civil Action No. 17-11689-GAO, Document No. 9 (Jan. 1, 2018) (granting respondent's motion to dismiss as moot because petitioner no longer in ICE custody); *Lopez v. Souza*, Civil Action No. 18-10603-RGS, Document No. 8 (April 20, 2018) (granting respondent's motion to dismiss in light of the representation that petitioner had been released from custody); *Fernandez v. Moniz et al*, Civil Action No. 18-10057-WGY, Document No. 11 (Feb. 5, 2018) (granting respondent's motion to dismiss as moot); *Verde-Llanes v. Moniz*, Civil Action No. 17-11894-LTS, Document No. 18 (Jan. 17, 2018) (" In light of the status report . . . and the supporting affidavit reflecting that ICE has released the petitioner from custody, the pending habeas petition

is dismissed without prejudice as moot"); *Van Dang v. McDonald*, Civil Action No. 17-12293-RGS, Document No. 9 (Dec. 18, 2017) ("In light of Petitioner's release from custody, this case is now moot"); *Long v. McDonald*, Civil Action No. 17-10397, Document No. 15 (March 27, 2017) (granting motion to dismiss for mootness).

This Court lacked jurisdiction over Petitioner's habeas petition from the outset because he filed his action in this district court, rather than in the Western District of Texas where he was detained at that time. Nonetheless, Petitioner has received the relief he sought in his habeas petition as he is no longer in ICE custody. As such, this Court must dismiss the action as moot.[1]

### B. Petitioner is not Entitled to an EAJA Award.

Petitioner seeks an EAJA award on the basis of his "release[] from detention on bond". Doc. No. 14 at 16. Petitioner's claim for fees and costs pursuant to EAJA is wholly without merit pursuant to Supreme Court and First Circuit precedent because Petitioner is not a prevailing party as required by the statute. Under the "American Rule," each party ordinarily bears its own attorney's fees unless there is express statutory authorization to the contrary. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). One such statutory authorization is EAJA. "EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any

---

[1] To the extent Petitioner seeks to challenge his arrest by ICE under the Federal Torts Claim Act or through a constitutional action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Petitioner needs to file a civil complaint and pay the necessary filing fee. civil complaint and are subject to the $ 400 filing fee. *See Hernandez-Morales v. Sec'y, Dep't of Homeland Sec.,* No. 1:18-CV-505, 2019 WL 2330858, at *2 (S.D. Ohio May 31, 2019), *report and recommendation adopted*, No. 1:18CV505, 2019 WL 2514910 (S.D. Ohio June 18, 2019) (Dismissing habeas action as moot upon petitioner's release on bond and explaining that if petitioner wishes to challenge underlying ICE arrest, he "must do so by filing a civil complaint, playing the applicable filing fee, and properly issuing service of process on respondents.").

such waiver must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991).

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action … brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). EAJA further provides that, even if a court determines that the applicant qualifies as a "prevailing party," no EAJA fees are awarded when "the position of the United States was substantially justified" or "special circumstances make an award unjust." *Id.*

Thus, to be eligible for EAJA fees, Petitioner must show, *inter alia*, that he is a prevailing party in the civil action and that his fee petition was timely filed. Once he makes that showing, Respondents would have the burden to show that their position was substantially justified or that special circumstances make an award against the government unjust. *Schock v. United States,* 254 F.3d 1, 5 (1st Cir. 2001); *Tang v. Chertoff,* 689 F. Supp. 2d 206, 210 (D. Mass. 2010).

Petitioner is not entitled to fees because he is not a prevailing party. A party's mere success in accomplishing its objectives cannot confer prevailing party status. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 606 (2001) (rejecting "catalyst theory" to determine "prevailing party" status). Rather, to qualify as a prevailing party, Petitioner must demonstrate (1) "a material alteration of the legal relationship of the parties" (2) that possesses the requisite "judicial imprimatur." *Id*. at 604-05. The judicial imprimatur inquiry looks to the level of court involvement in the parties' changed relationship. *Id.* at 605-06. Importantly, a defendant's voluntary change in conduct, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur" for prevailing party status. *Id.* at 605.

In *Buckhannon,* the Supreme Court identified only two outcomes that may satisfy the judicial imprimatur requirement: (1) "judgments on the merits" and (2) "settlement agreements enforced through a consent decree." *Id.* at 604. The First Circuit has explained that the formal label of a consent decree need not be attached to an order because "it is the reality, not the nomenclature which is at issue." *Aronov v. Napolitano,* 562 F.3d 84, 90 (1st Cir. 2009) (en banc). Instead, courts must look at whether the order "contains the sort of judicial involvement and actions inherent in a 'court-ordered consent decree.'" *Id.* To that end, courts must consider both the content and the context of the order by applying the following factors: (1) whether the change in the legal relationship between the parties was "court-ordered," (2) whether there was "judicial approval of the relief vis-à-vis the merits of the case," and (3) whether there exists continuing "judicial oversight and ability to enforce the obligations imposed on the parties." *Id.*

Petitioner does not qualify as a prevailing party for multiple reasons. First, even if the catalyst theory that Petitioner appears to be using to self-define himself as a prevailing party had not been rejected by the Supreme Court in 2001, Petitioner would be incorrect to argue that his habeas petition caused an Immigration Judge to schedule a bond hearing and then order his release on bond. Petitioner's habeas petition had no bearing on his seeking a bond hearing with the Immigration Judge and the Immigration Judge ordering him released. As such, even if the catalyst theory was still viable – which it is not – Petitioner would not qualify as a prevailing party.

Second, Petitioner does not qualify as a prevailing party because he has not been awarded any affirmative relief by this Court as the Supreme Court in *Buckhannon* made clear was required. *Buckhannon*, 532 U.S. at 603. More specifically, to gain the status of a prevailing party, the Supreme Court stated that an EAJA applicant must have secured a judicially-

sanctioned change in the parties' legal relationship, whether through an enforceable judgment on the merits or through a court-ordered consent decree.  *Id.* at 604.  While the First Circuit has cautioned that *Buckhannon* is not to be read in an overly narrow manner, to earn prevailing party status, a party must nonetheless still be "awarded some relief by the court." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013).

Here, the Court has not ordered any relief and therefore has not ordered a judicially-sanctioned change in the parties' legal relationship – the Petitioner's Amended Petition remains pending.  *See Stewart v. Berryhill*, No. 3:13-CV-30092-KAR, 2017 WL 4780697, at *3 (D. Mass. Oct. 23, 2017) (explaining that plaintiff failed to qualify as a prevailing party "in light of the absence of court-ordered relief on the merits of her claims at both stages of the litigation."). Where a court makes no evaluation at all on the merits of the controversy, it lacks the core indicia of the judicial *imprimatur* prong to be a "prevailing party" as defined in *Buckhannon*. *See Aronov,* 562 F.3d at 92.   In a similar context, this Court determined an EAJA seeker who had been released from immigration detention by ICE was not a prevailing party because "[d]espite the fact that petitioner achieved the desired outcome from the litigation, she only achieved that result through the respondent's voluntary conduct. … Accordingly, petitioner is not a prevailing party for the purposes of the EAJA." *Ortega v. Hodgson*, No. CIV.A. 11-10358-MBB, 2012 WL 1658931, at *3 (D. Mass. May 10, 2012).

As such, in the absence of court-ordered relief at any stage of this litigation, Petitioner cannot qualify as a prevailing party.

## **CONCLUSION**

As this Court lacks jurisdiction over this action because Petitioner filed his habeas petition in the wrong district court and because Petitioner is no longer in ICE custody, it is

respectfully requested that the action be dismissed. Additionally, Petitioner's meritless EAJA request must be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: March 19, 2025        By:    */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

### CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 19, 2025        By:    */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney